## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **HENRY JOHNSON,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| **v.** | )    **Case No. 18-1294-JWB-GEB** |
| | ) |
| **DOMESTIC RELATIONS SEC., CARROLL** | ) |
| **COUNTY, GEORGIA, et al.,** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## <u>REPORT AND RECOMMENDATION</u>

Simultaneous with the filing of this Report and Recommendation, the Court granted Plaintiff's request to proceed in this case without prepayment of the filing fee. (Order, ECF No. 11.)  However, the authority to proceed without payment of fees is not without limitation.  Under 28 U.S.C. § 1915(e)(2)(B), *sua sponte* dismissal of the case is required if the court determines the action 1) is frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief from a defendant who is immune from suit.[1]  Furthermore, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court ***must*** dismiss the action."[2]  Because subject-matter jurisdiction is lacking, the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), issues the following report and recommendation of **DISMISSAL.**

---

[1] *See also Hunt v. Lamb,* No. 06-4083-JAR, 2006 WL 2726808, at \*2-4 (D. Kan. Sept. 22, 2006) (discussing 28 U.S.C. § 1915(e)(2)(B) and dismissing *in forma pauperis* complaint for failure to state a claim upon which relief can be granted).

[2] Fed. R. Civ. P. 12(h)(3) (emphasis added); *see also Hunt*, 2006 WL 2726808, at \*2-4 (dismissing *in forma pauperis* complaint for lack of subject matter jurisdiction).

## I.    Background

Plaintiff, proceeding *pro se*, filed a Civil Complaint on October 19, 2018.[3]   He

names "Domestic Relations sec, Carroll County" and "Carroll County, GA, Marty Smith"

as Defendants.[4]   Plaintiff alleges these Defendants are located in Georgia, and thus

asserts diversity jurisdiction.[5]  Plaintiff also asserts federal jurisdiction under 28 U.S.C. §

1343, which gives this Court original jurisdiction over cases arising due to violations of

one's civil or equal rights.[6]   Plaintiff states his claim as follows: "The Title IV-D

franchise under color of law has deprived me of my rights with the help of Carroll

County GA, both parties conspired to deprive me of my rights and have been doing so

since 1/13/10 in GA."[7]

In his Complaint, Plaintiff seeks the following relief: "That the child support case

and arrearages be terminated, a full refund of money taken from me and compensatory

damages for the rights violated."[8]   Plaintiff further claims the wrongs alleged in his

Complaint are ongoing and seeks actual and punitive damages.[9]  In support of damages,

Plaintiff states: "To date the defendants have taken $25,000 from me, to date the

defendants have also violated my rights as a man under color of law which are given to

---

[3] ECF No. 1.
[4] *Id.* at p. 2.
[5] *Id.*
[6] *Id.* at p. 3.
[7] *Id.*
[8] *Id.* at p. 4.
[9] *Id.*

me by God and the Declaration of Independence which entitles me to $10,000 per right

which is being violated and depriving me of my rights under color of law."[10]

On February 5, 2019, Plaintiff filed an "Attachment."[11]   In the Attachment,

Plaintiff lists 42 U.S.C. § 1983 and several other federal statutes and regulations (both

civil and criminal) apparently in support of his Complaint.[12]   Plaintiff additionally states

"[s]ome of many other federally protected rights violated are" the "Right to Due

Process," "Right to Equal Protection of the law," "Right to Protect Privacy," "Right to

Not Associate," "Right to Obtain Counsel (6th Amendment)," "Right of Immunity From

Imprisonment for any Debt," "Right to Fair Trial by Jury," "Right Against Self

Incrimination," and "Right to Defend My Reputation."[13]   Plaintiff also appears to allege

that Defendants conspired to establish paternity so they collect child support against his

will and without his consent.[14]   Plaintiff further claims he was never "notified that child

support was voluntary," or notified of certain penalties that come with failing to pay child

support.[15]

## II.    Discussion

As noted above, because Plaintiff is being allowed to proceed *in forma pauperis*,

the court must review his Complaint and dismiss the action if it is: 1) frivolous or

malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks relief

---

[10] *Id.*
[11] ECF No. 10.
[12] *Id.* at pp. 1-2.
[13] *Id.* at pp. 3-4.
[14] *Id.* at pp. 2-3.
[15] *Id.* at pp. 3-4.

from a defendant who is immune from suit.[16]   Additionally, Fed. R. Civ. P. 12(h)(3)

requires the Court to dismiss the case "[i]f the court determines at any time that it lacks

subject-matter jurisdiction."[17]

Because Plaintiff proceeds *pro se*, his pleadings must be liberally construed and

held to a less stringent standard than formal pleadings drafted by lawyers.[18]   However,

Plaintiff still bears the burden to allege "sufficient facts on which a recognized legal

claim could be based."[19]   And, the Court cannot take on the responsibility of "serving as

[plaintiff's] attorney in constructing arguments and searching the record"[20] or supplying

"additional factual allegations to round out a plaintiff's complaint or construct a legal

theory on a plaintiff's behalf."[21]

While Plaintiff's Complaint and Attachment lack factual detail describing the

actions each Defendant took that allegedly violated his civil rights, it is apparent, when

liberally construing the pleadings, Plaintiff is seeking to set aside a child support

judgment previously entered against him in Carroll County, Georgia, and stop any further

---

[16] 28 U.S.C. § 1915(e)(2)(B).

[17] *See also Watson v. State*, No. 15-9930-JAR-JPO, 2016 WL 1359868, at \*2 (D. Kan. Apr. 6, 2016), *aff'd*, 668 F. App'x 840 (10th Cir. 2016) ("A court lacking jurisdiction must dismiss the case, regardless of the stage of the proceeding, when it becomes apparent that jurisdiction is lacking.  The party who seeks to invoke federal jurisdiction bears the burden of establishing that such jurisdiction is proper.  Mere conclusory allegations of jurisdiction are not enough.").

[18] *Hunt*, 2006 WL 2726808, at \*2 (citing *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

[19] *Hall*, 935 F. 2d at 1110.

[20] *Mays v. Wyandotte County Sheriff's Dep't*, 419 F. App'x 794, 796 (10th Cir. 2011) (citing *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[21] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted), *cert. denied*, 130 S. Ct. 1142 (2010) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173–74 (10th Cir.1997)).

4

collection of the same.[22]  As relief, Plaintiff's Complaint requests "the child support case and arrearages be terminated" and a "full refund of the money taken from me."[23]  In the Attachment, Plaintiff alleges the Defendants conspired against him to establish paternity so child support collection activities could be instituted.[24]  Plaintiff also states he was never notified that child support was "voluntary" or about any penalties for failing to pay child support.[25]  In his Complaint, he claims these wrongs are ongoing.[26]

Accordingly, because Plaintiff's Complaint concerns a state court child support judgment, this Court lacks subject matter jurisdiction.  Federal courts are courts of limited jurisdiction and, as such, must have a statutory or Constitutional basis to exercise jurisdiction.[27] Although Plaintiff claims violation of his civil rights, the pleadings clearly demonstrate this is a child support matter.  For this Court to resolve Plaintiff's claims by setting aside the child support decree and terminating collection activities, it must make a finding the Defendants acted contrary to law when deciding and implementing the child support judgement.  However, the domestic relations exception, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine all deprive this federal Court of the power to take such action.

---

[22] *See, e.g., Hunt*, 2006 WL 2726808, at *2 (liberally construing plaintiff's civil rights complaint to be a "collateral attack on the state court's rulings in child custody and child support matters.").
[23] ECF No. 1, p. 4.
[24] ECF No. 10, pp. 2-3
[25] *Id.* at pp. 3-4.
[26] ECF No. 1, p. 4.
[27] *Watson*, 2016 WL 1359868, at *2 (citing *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) and *United States v. Hardage*, 58 F.3d 569, 574 (10th Cir. 1995)).

## A.      Domestic Relations Exception

Regarding the domestic relations exception, it "is well-established that federal courts lack jurisdiction over '[t]he whole subject of the domestic relations of husband and wife, [and] parent and child.'"[28]   The domestic relations exception divests federal courts of the power to issue divorce, alimony and child custody decrees, or to make a determination such a decree by a state court is void.[29]   The Supreme Court has also "acknowledged that it might be appropriate for the federal courts to decline to hear a case involving 'elements of the domestic relationship,' even when divorce, alimony, or child custody is not strictly at issue."[30]   The Tenth Circuit explained:

> The proper inquiry focuses on the type of determination the federal court must make in order to resolve the claim.  If the federal court is called upon to decide those issues regularly decided in state court domestic relations actions such as divorce, alimony, child custody, ***or the support obligations of a spouse or parent***, then the domestic relations exception is applicable.[31]

Although the domestic relations exception is generally considered an exception to diversity jurisdiction, it may also be applied in federal question cases.[32]

Plaintiff's requested relief would require the Court to declare void a state court child support decision.  However, child support proceedings are domestic relation matters

---

[28] *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 703 (1992) quoting *In re Burrus*, 136 U.S. 586, 593–94 (1890))).

[29] *Tinner v. Foster*, No. 11-2695-EFM-KGG, 2012 WL 1473417, at *3 (D. Kan. Apr. 27, 2012) (citing *Winters v. Kan. Dept. of Soc. and Rehab. Serv.*, 2011 WL 166708, *5 (D. Kan. Jan. 19, 2011), *aff'd*, 441 Fed.Appx. 611, 2011 WL 5854367 (10th Cir.2011)).

[30] *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 705).

[31] *Vaughan v. Smithson*, 883 F.2d 63, 65 (10th Cir. 1989) (emphasis added).

[32] *Watson,* 2016 WL 1359868, at *4.

traditionally resolved by state law.[33]   As such, Plaintiff's Complaint is outside this

Court's jurisdiction pursuant to the domestic relations exception.[34]

### B.   *Rooker-Feldman* Doctrine

In addition to the limit on this Court's power under the domestic relations

exception, the *Rooker-Feldman* doctrine prevents the Court from hearing what would

amount to an appeal of a state court judgment.[35]  "[A] federal district court cannot review

matters actually decided by a state court, nor can it issue 'any declaratory relief that is

inextricably intertwined with the state court judgment.'"[36]   Even though Plaintiff

characterizes his claims as violations of his federal civil rights, such claims are found to

be "inextricably intertwined if the federal claim succeeds only to the extent that the state

court wrongly decided the issues before it."[37]  Here, Plaintiff's current federal claims that

Defendants violated, or conspired to violate, his civil rights and request for the child

---

[33] *See Tinner*, 2012 WL 1473417, at *3 ("[i]f the federal court must determine . . . how much child support should be paid and under what conditions, or whether a previous court's determination on these matters should be modified, then the court should dismiss the case under the domestic relations exception." (internal citations and quotations omitted)).

[34] *See, e.g., Watson*, 2016 WL 1359868, at *4 (applying domestic relations exception and finding lack of subject matter jurisdiction where plaintiff's relief would require court to modify or declare void a child support decision); *Tinner,* 2012 WL 1473417, at *3 (dismissing claims seeking relief from state-ordered child support for lack of jurisdiction per the domestic relations exception).

[35] *See Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994) (under *Rooker-Feldman*, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.") (internal citations omitted); *see also Barnes v. Kansas ex rel. Sec'y Dep't of Soc. & Rehab. Servs.*, No. CIV.A.04-1382-WEB, 2005 WL 1563443, at *1 (D. Kan. June 30, 2005) (explaining *Rooker-Feldman* doctrine).

[36] *Fellows v. State of Kan.*, No. 04-4131-JAR, 2005 WL 752129, at *3 (D. Kan. Mar. 31, 2005) (citing *Kiowa Indian Tribe of Okla. v. Hoover,* 150 F.3d 1163, 1169 (10th Cir. 1998) (quotations and citations omitted)).

[37] *Id*. (citing *Charchenko v. City of Stillwater,* 47 F.3d 981, 983 (8th Cir.1995) (citation omitted)).

support judgment to be voided would only succeed if this Court found the state court decision on child support was wrongly decided.  Thus, the *Rooker-Feldman* doctrine bars this Court's review of such a state court decision.[38]

Notably, the *Rooker-Feldman* doctrine only applies to a final conclusion in the state court.  This Court does not have sufficient information to determine the finality of the Georgia state court child support judgement; however, Plaintiff indicates the wrongs alleged in his Complaint are on-going.  But, even if the state court child support proceedings remain ongoing, this Court must abstain from interfering with those proceedings under the *Younger* abstention doctrine, as explained below.

### C.    *Younger* **Abstention Doctrine**

The *Younger* abstention doctrine precludes federal courts from interfering in pending state court proceedings.[39]  In determining whether *Younger* abstention is appropriate, a court considers whether: "(1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or

---

[38] *See, e.g., Barnes*, 2005 WL 1563443, at *1-2 (dismissing plaintiff's complaint seeking to set aside state court paternity and child support orders based on lack of subject-matter jurisdiction pursuant to *Rooker-Feldman* doctrine); *Wolfenbarger v. Love*, No. 91-1422-K, 1992 WL 93133, at *1–2 (D. Kan. Apr. 13, 1992) (dismissing civil rights complaint challenging modification of state-ordered child support based on *Rooker-Feldman* doctrine); *Tinner*, 2012 WL 1473417, at *3 (holding *Rooker-Feldman* doctrine deprives court of jurisdiction to decide plaintiff's civil rights complaint seeking a reduction in and refund of state-ordered child support); *Payne v. Massachusetts Dep't of Revenue*, No. 12-4063-SAC, 2012 WL 2583384, at *1–2 (D. Kan. July 3, 2012).

[39] *Hunt*, 2006 WL 2726808, at *2 (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

implicate separately articulated state policies."[40] "Once these three conditions are met,

*Younger* abstention is non-discretionary and, absent extraordinary circumstances, a

district court is required to abstain."[41]

Because Plaintiff alleges the child support proceedings are ongoing,[42] the Court

finds factor one satisfied.  The Court finds the second factor - whether the state court

provides an adequate forum for Plaintiff's federal claims – also satisfied because state

courts may consider Constitutional and civil rights challenges to domestic proceedings.[43]

As to the third factor, the Court finds that state child support proceedings concern

important state interests.[44]  In fact, the Unites States Supreme Court has observed that

"[f]amily relations are a traditional area of state concern,"[45] weighing heavily in favor of

abstention.[46]

---

[40] *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)
(quoting *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999)
(internal quotations omitted)); *see Brown v. Day*, 555 F.3d 882, 887 (10th Cir. 2009).

[41] *Crown Point I*, 319 F.3d at 1215 (citing *Seneca-Cayuga Tribe of Okla. v. Okla. ex rel.
Thompson*, 874 F.2d 709, 711 (10th Cir. 1989)).

[42] ECF No. 1, p. 4 (Plaintiff asks the Court to terminate the "child support case and arrearages"
and states wrongs alleged in the Complaint are ongoing).

[43] *See Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (citing *Middlesex Cty. Ethics
Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) and *Pennzoil Co. v. Texaco, Inc.*,
481 U.S. 1, 14 (1987)); *Watson*, 2016 WL 1359868, at *5; *Hunt*, 2006 WL 2726808, at *3;
*Tinner*, 2012 WL 1473417, at *4.

[44] *See Hunt*, 2006 WL 2726808, at *3 (finding child support proceedings to be matters involving
important state interests); *Watson*, 2016 WL 1359868, at *5 (same); *Tinner*, 2012 WL 1473417,
at *4 (same); *see also Redford v. Conley*, No. 1:16-CV-4106-WSD, 2017 WL 490425, at *1-3
(N.D. Ga. Feb. 7, 2017) (recognizing Georgia's state interest in overseeing and preserving the
integrity of its child support enforcement proceedings; dismissing petitioner's case challenging a
state court order requiring him to make child support payments pursuant to *Younger*).

[45] *Moore v. Sims*, 442 U.S. 415, 435 (1979); *see also Morrow v. Wilson*, 94 F.3d 1386, 1393
(10th Cir. 1996) (ordering *Younger* abstention when plaintiff sought to enjoin ongoing state
adoption proceedings).

[46] *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1267 (D. Kan. 2008).

The Court notes that it may decline to abstain under *Younger* when extraordinary circumstances are present, such as "in cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown."[47] But Plaintiff must meet a "'heavy burden' to overcome the bar of *Younger* abstention [and must set] forth more than mere allegations of bad faith or harassment."[48]  A review of Plaintiff's Complaint and Attachment shows no allegations that would establish extraordinary circumstances sufficient for the Court to decline to abstain under *Younger*.[49]  Thus, to the extent the child support case and any related enforcement proceedings remain ongoing, *Younger* requires dismissal of Plaintiff's Complaint.[50]

### D.    Other Deficiencies

Finally, other potential issues exist with the Court hearing this case.  First, because the named Defendants are located in Georgia and Plaintiff challenges a child support

---

[47] *Perez v. Ledesma*, 401 U.S. 82, 85 (1971); *see Younger*, 401 U.S. at 54; *Phelps v. Hamilton*, 59 F.3d 1058, 1064–68 (10th Cir. 1995).

[48] *Phelps v. Hamilton*, 122 F.3d 885, 889 (10th Cir. 1997) (quoting *Phelps*, 59 F.3d at 1066); *see also Amanatullah*, 187 F.3d at 1165.

[49] *See, e.g., Ysais v. Children Youth & Family Dep't*, 353 F. App'x 159, 160 (10th Cir. 2009) (finding no extraordinary circumstances present where plaintiff alleged misleading evidence was produced, no proper investigation was performed, and defendants engaged in conspiracy to terminate his parental rights); *Watson*, 2016 WL 1359868, at *3 (finding no extraordinary circumstances); *Hunt*, 2006 WL 2726808, at *3 (same).

[50] *See, e.g., Watson*, 2016 WL 1359868, at *4–5 (dismissing plaintiff's complaint seeking relief from state-ordered child support pursuant to *Younger*); *Phillips v. Martin*, 535 F. Supp. 2d 1210, 1211-19 (D. Kan.), *aff'd*, 315 F. App'x 43 (10th Cir. 2008) (dismissing complaint seeking relief from state court child support enforcement orders pursuant to *Younger*); *Hunt*, 2006 WL 2726808, at *2-3 (dismissing civil rights complaint challenging a state court's ruling in child custody and support matters pursuant to *Younger*); *Tinner*, 2012 WL 1473417, at *4.

judgement entered there, personal jurisdiction over Defendants and venue in this District

under 28 U.S.C. § 1391(b) could be problematic.[51]

Second, Plaintiff's Complaint could be subject to dismissal for failure to state any

valid claim for relief.[52]  While all well pleaded facts in a complaint are assumed to be true

and viewed in the light most favorable to the plaintiff, allegations merely stating legal

conclusions need not be accepted as true.[53]  And, dismissal of a complaint is warranted

when the complaint does not contain "enough facts to state a claim to relief that is

plausible on its face."[54]  To avoid dismissal, a plaintiff must "nudge[ ][his] claims across

the line from conceivable to plausible."[55]  To be facially plausible, the complaint must

contain factual content from which the Court can reasonably infer that defendants are

liable for the misconduct which plaintiff alleges.[56]

Plaintiff lists 42 U.S.C. § 1983 in the Attachment to his Complaint.  But, such a

claim requires facts to show that the named Defendants, under color of law, deprived

Plaintiff of a federal right.[57]  While the Attachment mentions due process and equal

---

[51] The Court may also dismiss an *in forma pauperis* complaint for lack of personal jurisdiction and improper venue, despite the fact these defenses can be waived under Fed. R. Civ. P. 12(h)(1) if not properly raised.  *See Babbs-Smith v. Northland Vill. Apartments*, No. 10-2623-JAR-DJW, 2011 WL 209505, at *1 (D. Kan. Jan. 21, 2011); *Brown v. Peter Francis Jude Beagle Law Office,* 08–3311–SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009) (citing *Trujillo v. Williams,* 465 F.3d 1210, 1216–17 (10th Cir. 2006)); *Payne*, 2012 WL 2583384, at *2.

[52] Because Plaintiff is proceeding *in forma pauperis*, the Court may dismiss his action for failure to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(ii).

[53] *Tinner*, 2012 WL 1473417, at *3.

[54] *Payne*, 2012 WL 2583384, at *1–2 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[55] *Id.*

[56] *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

[57] *Tinner*, 2012 WL 1473417, at *5; *Baker v. McCollan*, 443 U.S. 137, 140 (1979) (deprivation of a right secured by the Constitution or federal law is a threshold requirement of § 1983).

protection rights, neither it or the Complaint set forth facts to plausibly show Plaintiff

was deprived of those rights.[58]   Nor does either document spell out how the Defendants

participated in or caused a deprivation of those rights.[59]

Similarly, the Complaint's and Attachment's references to a "conspiracy" lack

factual detail to plausibly show the violation of any federal right.[60]   Under the plausibility

standard of pleading, a sheer possibility that a defendant acted unlawfully is not enough.

Plaintiff must allege sufficient facts to raise a right of relief above the speculative level.

Plaintiff has not done so here.   Additionally, the Defendants may be entitled to Eleventh

Amendment Immunity if deemed to be state agencies or acting in an official capacity.[61]

While a *pro se* litigant proceeding *in forma pauperis* is normally allowed an

opportunity to amend a complaint to overcome any deficiencies, leave need not be

granted if amendment would be futile.[62]   Based on the above lack of subject matter

---

[58] *See Tinner*, 2012 WL 1473417, at *5.  The Attachment (ECF No. 10 at pp. 3-4) lists other "federally protected rights violated" that either are not applicable or non-existent, but these claims still suffer from lack of factual detail explaining how Defendants violated the asserted rights.

[59] *Trujillo*, 465 F.3d at 1227 ("In order for liability to arise under § 1983, a defendant's direct personal responsibility for the claimed deprivation of a constitutional right must be established.").

[60] *See Tinner*, 2012 WL 1473417, at *5.

[61] *See, e.g., Watson*, 2016 WL 1359868, at *3 (explaining that state agencies and officials acting in an official capacity are often entitled to Eleventh Amendment Immunity); *Jones v. Kansas*, No. CIV.A. 12-2486-KHV, 2013 WL 1753285, at *1-4 (D. Kan. Apr. 23, 2013) (dismissing civil rights complaint challenging a state court child support order due to Eleventh Amendment Immunity); *Hightower v. Kansas*, No. 17-3044-SAC-DJW, 2017 WL 3149298, at *2 (D. Kan. July 25, 2017).

[62] *Watson*, 2016 WL 1359868, at *6 (citing *Denton v. Hernandez*, 504 U.S. 25, 34 (1992); *Gee v. Pacheco*, 627 F.3d 1178, 1195 (10th Cir. 2010); *Mountain View Pharmacy v. Abbott Labs*., 630 F.2d 1383, 1389 (10th Cir.1980)).

jurisdiction, the Court finds any possible amendment to address these deficiencies would be futile and will therefore not allow leave to amend.[63]

## III.    Conclusion

After careful review, and being mindful that Plaintiff proceeds on a *pro se* basis, the Court finds Plaintiff fails to allege a basis for this Court to assume subject matter jurisdiction over his Complaint.  Therefore, it is recommended that Plaintiff's case be dismissed for lack of subject matter jurisdiction.

**IT IS THEREFORE RECOMMENDED** that this case be **DISMISSED** for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

**IT IS FURTHER ORDERED** that a copy of this recommendation shall be mailed to Plaintiff by certified mail.  Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), Plaintiff may file a written objection to these proposed findings and recommendations with the clerk of the district court within fourteen (14) days after being served with a copy of this report and recommendation.  Failure to make a timely objection waives appellate review of both factual and legal questions.[64]

---

[63] *See, e.g., Barnes*, 2005 WL 1563443, at *1-2 (declining to allow amendment on basis of futility because court lacks subject-matter jurisdiction); *Payne*, 2012 WL 2583384, at *2 (same); *Watson*, 2016 WL 1359868, at *6 (same); *Tinner*, 2012 WL 1473417, at *5 (same).

[64] *Morales-Fernandez v. I.N.S.*, 418 F.3d 1116, 1119 (10th Cir. 2005).

**IT IS SO ORDERED**.


Dated at Wichita, Kansas this 26th day of February, 2019.



<div style="margin-left:50%">

s/ Gwynne E. Birzer
GWYNNE E. BIRZER
United States Magistrate Judge

</div>