IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HENRY JOHNSON,

        Plaintiff,

v.                                                Case No. 18-1294-JWB-GEB

DOMESTIC RELATIONS SEC., CARROLL
COUNTY, GEORGIA, and MARTY SMITH,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on a Report and Recommendation by Magistrate Judge Gwynne E. Birzer, and an objection to the report by Plaintiff. (Docs. 12, 14.) For the reasons stated below, the court ADOPTS the Report and Recommendation, DENIES Plaintiff's objection, and DISMISSES the action.

**I. Background**

Plaintiff filed a pro se complaint relating to a child support case in Georgia, alleging that the Defendants "conspired to deprive me of my rights … in [Georgia]." (Doc. 1 at 3.)[1] It is not clear from the complaint what Defendant "Domestic Relations Sec" is or what role Defendant Marty Smith allegedly had in the child support matter. The complaint asks "that the child support case and [arrearages] be terminated" and that Plaintiff be given a "refund of money taken from me" and damages. (*Id.*) The complaint asserts subject matter jurisdiction based on diversity of citizenship and federal law.

---

[1] Judge Birzer granted Plaintiff's motion to proceed in forma pauperis but stayed service of process pending a ruling by this court on the Report and Recommendation. (Doc. 11).

After filing the complaint, Plaintiff filed an "Attachment" listing 42 U.S.C. § 1983 and various federal and state provisions which he apparently contends Defendants violated. (Doc. 10.) The Attachment, liberally construed, alleges that Defendants conspired to subject Plaintiff to various collection procedures for child support obligations "without my consent." The methods of collection include wage withholding, garnishment of wages, and seizure of income tax refunds. Defendant allegedly used these methods without notifying Plaintiff "that child support was voluntary…." (*Id.* at 2-4.)

In a thorough Report and Recommendation, Judge Birzer found that because Plaintiff is seeking to set aside a state child support judgment and ongoing matter against him in Georgia, this court's jurisdiction to grant the relief requested is precluded by operation of the domestic-relations exception to federal jurisdiction, the *Rooker-Feldman* doctrine, and the *Younger* abstention doctrine. (Doc. 12 at 6-10.) Judge Birzer additionally found the complaint (and Attachment) failed to state a plausible claim for relief because they failed to show how Plaintiff was deprived of any federal right, failed to spell out how Defendants caused a deprivation, and failed to allege any facts to show a conspiracy. (*Id.* at 11-12.) She further found any attempt to overcome these deficiencies by amending the complaint would be futile. (*Id.* at 12-13.) Judge Birzer recommended that the case be dismissed pursuant to Fed. R. Civ. P. 12(h)(3) for lack of subject matter jurisdiction. (*Id.* at 13.)

Plaintiff timely filed an objection. (Doc. 14.) In it, he argues jurisdiction is proper because: he was deprived of federal rights provided by 42 U.S.C. § 666[2] and other federal laws relating to child support payments (*id.* at 2-4); the *Rooker-Feldman* doctrine does not apply because "child

---

[2] "Title IV-D of the Social Security Act, 42 U.S.C. §§ 651 to 669b, establishes requirements with which participating state-run, child-support-enforcement programs must comply in order to receive federal funding." *Wallin v. Arapahoe Cty. Det. Facility,* 244 F. App'x 214, 220, n.3 (10th Cir. July 27, 2007).

support is part of the executive branch and not a part of the judicial state court" (*id.* at 5); *Younger* abstention does not apply because "Child Support is not state law and is not part of judicial state courts" (*id.* at 8); and the complaint is not deficient because "[e]vidence proves case [sic] is not problematic." (*Id.* at 9.) Plaintiff also asks for leave to amend the complaint. (*Id.*)

## II. Discussion

In a dispositive matter such as this, and where a timely objection has been made, the court reviews the Magistrate Judge's Report and Recommendation de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

Plaintiff has the burden of establishing subject matter jurisdiction. *See Montoya v. Chao,* 296 F.3d 952, 955 (10th Cir. 2002) (burden of establishing subject matter jurisdiction is on the party asserting it.) If he fails to meet that burden, the court must dismiss the action. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.") Additionally, in an action brought in forma pauperis, "the court shall dismiss the action at any time if the court determines that … the action … fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(ii).

The complaint is sufficiently vague that it is difficult to tell what Plaintiff is claiming. Given Plaintiff's pro se status, the court construes his pleadings liberally, but it cannot act as his advocate or construct arguments on his behalf. *Garrett v. Selby Connor Maddux & Janer,* 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted.) Having reviewed the pleadings, the court finds that to the extent they are decipherable, they fail to show any basis for federal subject-matter jurisdiction. And even if some basis for federal jurisdiction could be conjured out of the federal rights listed by Plaintiff in the complaint and the Attachment, the allegations fail to state any cognizable claim upon which relief can be granted.

3

The *Rooker-Feldman* doctrine implicates the subject-matter jurisdiction of the federal courts. *Tso v. Murray*, ___F. App'x ___, 2019 WL 140992, *1 (10th Cir. Jan. 9, 2019) (citation omitted.) It applies to cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Id.* (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Many of Plaintiff's allegations appear to fall within this category. Insofar as he complains that he was unfairly required to pay child support, asks for a refund of child support payments already made, or asks that his child support arrearages be eliminated, the claims stem from what appears to be a state court judgment obligating him to pay child support. Moreover, the requested relief effectively asks the court to review and reject that judgment. Under *Rooker-Feldman*, this court has no jurisdiction to grant such relief. Plaintiff attempts to avoid *Rooker-Feldman* by arguing the collection of his child support is done by a state executive agency, such that he is not challenging any state court judgment. But he fails to explain how the disputed obligation arose if not from a state court judgment and fails to show why the requested relief would not be inconsistent with that judgment. The court notes that the vague conspiracy Plaintiff alleges apparently includes "the child support agency[,] … contractors …, [and] the Carroll County Ga., judge, clerk & attorneys." (Doc. 10 at 2.) Inclusion of the latter groups indicates that Plaintiff is challenging a court order or judgment. Absent allegations showing that the child support obligation Plaintiff seeks to avoid is not embodied in a state court judgment, Plaintiff has failed to allege a basis for this court to grant the type of relief he requests. *Cf. Brown v. Coffin,* ___ F. App'x ___, 2019 WL 1306293, *2 (11th Cir. Mar. 21, 2019) ("While he claims he is seeking relief from the Florida Department of Revenue's administrative actions in enforcing a child support order, the harm he actually seeks to remedy is the Florida state court's

judgment in favor of the Department."); *Wallin,* 244 F. App'x at 220, n.4 (challenge to the procedures used by the state child support enforcement agency were barred by *Rooker-Feldman* because the challenge would reverse or undo the court orders imposing child support obligation.)

To the extent Plaintiff is seeking relief relating to an ongoing civil or administrative proceeding concerning payment of child support, as opposed to challenging the effects of a prior judgment, the court concludes the exercise of jurisdiction by this court is precluded by the *Younger* abstention doctrine. Under that doctrine, a federal district court must abstain from hearing a federal case when: 1) a state criminal, civil, or administrative proceeding is pending; 2) the state court provides an adequate forum to hear the claim raised in the federal complaint; and 3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies. *Phillips v. Martin*, 315 F. App'x 43, 44, 2008 WL 5077716, \*\*1 (10th Cir. 2008) (citation omitted.) Plaintiff's pleadings, although vague, indicate that a child support proceeding is ongoing. *See* Doc. 1 at 3-5 (alleging Plaintiff's rights are being violated, asking that child support case be terminated, alleging Defendants have ignored cease and desist letters.) The ongoing proceedings implicate important state interests. *Cf. Wideman v. Colorado,* 242 F. App'x 611, 614 (10th Cir. Oct. 1, 2007) ("beyond dispute" that child custody matter involved important state interests). And Plaintiff does not allege or explain why he lacks an adequate forum in the state proceeding to raise his claims. *See Redford v. Conley,* No. 16-4106-WSD, 2017 WL 490425, \*3 (N.D. Ga. Feb. 7, 2017) (concluding plaintiff had adequate means under Georgia law to challenge constitutionality of child support payments.) The court therefore concludes that it lacks subject matter jurisdiction to address the claims asserted by Plaintiff.

Plaintiff cites several federal laws and argues that they support an action under 42 U.S.C. § 1983. *See Blessing v. Freestone,* 520 U.S. 329, 340-41 (1997) (acknowledging possibility that Title IV-D gives rise to some individually enforceable rights.) As noted in *Freestone*, however, a plaintiff asserting such a right must identify the right with particularity, and the provision allegedly providing the right must satisfy a three-part test: 1) Congress must have intended the provision to benefit the plaintiff; 2) the right must not be so "vague and amorphous" that its enforcement would strain judicial competence; and 3) the statute must unambiguously impose a binding obligation on the States or, in other words, it must be couched in mandatory, rather than precatory, terms. *Id.* To the extent this court might otherwise have subject matter jurisdiction over such a § 1983 claim, Plaintiff has failed to identify any such right or allege any facts plausibly showing that Defendants violated such a right. Similarly, he has failed to allege any facts showing a conspiracy by Defendants to deprive him of such a right. Nor does his request for leave to amend the complaint identify any possible basis for establishing this court's jurisdiction or any facts plausibly suggesting Defendants deprived him of a federal right. Under the circumstances, the court concludes any attempt to cure these deficiencies by amendment would be futile. *Cf. Curley v. Perry,* 246 F.3d 1278, 1281 (10th Cir. 2001) (dismissal of pro se complaint proper only where it is obvious the plaintiff cannot prevail on the facts he as alleged and it would be futile to give him an opportunity to amend).

IT IS THEREFORE ORDERED this 30th day of April, 2019, that Magistrate Judge Birzer's Report and Recommendation (Doc. 12) is ADOPTED; Plaintiff's objection to the report (Doc. 14) is DENIED; Plaintiff's request for leave to amend the complaint is DENIED; and the action is hereby DISMISSED without prejudice for lack of subject matter jurisdiction.

     s/ John W. Broomes
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE